Opinion of the court delivered by
Judge Catron.
It is contended by the counsel for the plaintiff in error: 1st. That Donelson did not make his election out of which corner he would take the 700 acres in his lifetime, by which the right of action is gone, — no one as executor or heir having power to make the election afterwards.
2d. That the right to sue upon the title bond descended to the heirs of Donelson; nor is any right shown to have been vested by the will of Donelson in the executors.
The true rule upon the subject of election, is laid down in 1 Inst. 145 a. that “where nothing passes to the grantee before election — then, he must make it in his lifetime; but, where the estate passes by the grant, the heir or executor may make it.” This case has nothing in it, to which the rule of election treated of by Bacon, Coke and other authors, and relied upon for the plaintiff in error, is applicable. It is a simple title bond for 700 acres of land, out of a 5000 acre tract, making Donelson in equity, a tenant in common with Anderson, in proportion as the 700 acres are to the whole tract: and the option, spoken of in the bond, refers, alone, to the mode of partition, which Donelson reserved the right to control to a certain extent. The bond vested a title in Donelson, the same as if A. had covenanted to convey 700 acres, part of a larger tract to D. The bond vested the equitable title in Donelson, who had a right to assign it in the ordinary mode, or to devise it by will.
2d. Is there set forth in the declaration a title communicated by the will that authorized the executors to sue? Unless the will passed the equitable title to the executors they could not sue. If they set forth such right, we must *199 presume after plea, (“covenants performed,”) and verdict, that all the facts, to establish the right, were proven, tho’defectively set forth. They allege that they chose the land in the north west corner of the tract of 5000 acres, notified Anderson of the fact, and required him to convey to them, as executors, the tract of 700 acres as designated, in satisfaction of the bond, which the'y were author-. ized to do by the will of the testator. '
The declaration is clearly good upon its face, and their title to sue set forth, because the averment is express, that by the will of Donelson, the executors had the right to call upon Anderson for the conveyance to be made to themselves in discharge of the. bond. '
The verdict having established the facts set forth by the declaration, there are no grounds for arresting the judgment. Judgment affirmed.